IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DANA WOOTEN, individually, and | ) | |
| As Next of Kin of D.R., a minor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:14-cv-679-JIC |
| | ) | [wo] |
| GENEVA CITY SCHOOL DISTRICT, | ) | |
| *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), the District Judge has referred to the undersigned post-judgment matters in this case.  *See* Doc. 67.  Pending before the Court is the Bill of Costs submitted by Geneva City School District (Doc. 65, filed 12/18/17),[1] Plaintiff's Objections (Doc. 66, filed 12/19/17), and Defendant's response to the objections (Doc. 69, filed 1/5/18).  Though a hearing was scheduled, the parties indicated the pleadings were sufficient for their assertions. For good cause shown and as further discussed below, the Magistrate Judge recommends that the Bill of Costs (Doc. 65) be **GRANTED**.

## I. BACKGROUND AND PROCEDURAL HISTORY

On December 11, 2017, the Court issued its opinion wherein the Defendants' motions for summary judgment were granted.  *See* Doc. 63.  On December 18, 2017, Defendant Geneva City School District filed a Bill of Costs wherein it sought $1,726.01 in costs. *See* Doc. 65.  The Costs include the transcription fees for the depositions of Plaintiff Dana Wooten and D.R. and the copying invoice for the Court required courtesy copy of the motion for summary judgment.

---

[1]     As the Court's opinion did not award or tax costs, the Court construes the Bill of Costs (Doc. 65) as a Motion for Costs.

On December 19, 2017, Plaintiff filed an objection to the bill of costs.  *See* Doc. 66. Plaintiff objects to the $1676.50 for the deposition transcripts on the grounds that the deposition use was minimal and not critical to Defendant's success.  Plaintiff asserts the depositions were unduly prolonged and that Plaintiff incurred the same costs for printing recorded transcripts of the depositions.  As a result, Plaintiff avers she should not be required to pay for Defendant's copies as well.  Next, Plaintiff also objects to the expenses of making copies by arguing that they were not necessary, were excessive and unreasonable.  Plaintiff claims Defendant does not identify what documents were copied and what use was made of them.  Therefore, Plaintiff requests the Bill of Costs be denied.

In accordance with the Court's briefing schedule on this matter, Defendant filed its response to the objections.  Defendant asserts that the depositions were critical to Defendant's case as it the "one and only opportunity to question the other side and often reveal knowledge vital to the defense or prosecution of a case."  Moreover, Defendant used both depositions as exhibits to the Defendant's motion for summary judgment and cited to testimony within each deposition transcript.  Additionally, Defendant asserts that the depositions were not unduly long and Plaintiff did not object to their respective lengths at the time.  The depositions were 2 hours and 16 minutes for Dana Wooten and 3.5 hours for D.R.  Finally, the fact Plaintiff paid for her own copies of the transcripts is not relevant as to whether the Court can impose the Defendant's costs upon the Plaintiff pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920.  Defendant also notes that the fees it incurred in copying were related to the General Briefing Order which required the parties to subject any briefs exceeding 25 pages in a three-ring binder and tabbed. *See* Doc. 37.  As a result of the Courtesy Copy, Defendant's incurred costs in the amount of $49.51.

Though a hearing was originally set for January 19, 2017, the hearing was cancelled as there were scheduling issues and the parties agreed the briefings were sufficient to represent their viewpoint.

## II.   DISCUSSION AND ANALYSIS

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs…should be allowed to the prevailing party." However, "[f]ee applicants bear the burden of providing sufficient detail in their records to explain and support their requests for fees and costs." *Lee v. Krystal Co.*, 918 F.Supp.2d 1261, 1275 (S.D. Ala. 2013) (quoting *Andrade v. Aerotek, Inc.*, 852 F.Supp.2d 637, 645 (D. Md. 2012)). "[W]ith the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under section 1988." *See Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983). To determine which expenses may properly be included, the court must look to "the attorney-client relationship, the substantive and procedural nature of the case, and the climate in which the litigation is conducted." *Id.* When reviewing costs and expenses, "the standard for reasonableness is to be given a liberal interpretation." *NAACP v. City of Evergreen*, 812 F.2d 1332, 1337 (11th Cir. 1987). That said, "fee applicants bear the burden of providing sufficient detail in their records to explain and support their requests for fees and costs." *Lee*, 918 F.Supp.2d at 1275 (quoting *Andrade v. Aerotek, Inc.*, 852 F. Supp.2d 637, 645 (D. Md. 2012)).

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." *See also Fireman's Fund Ins. Co. v. Tropical Shipping & Constr. Co.*,

254 F.3d 987, 1013 (11th Cir. 2001) (citing *EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000)) ("a prevailing party is entitled to an award of costs."). The costs that a prevailing litigant is entitled to under Rule 54(d) are enumerated in 28 U.S.C. §§ 1821 and 1920. The sections at issue are enumerated in 28 U.S.C. § 1920(2)-(4). Specifically, § 1920 states "a judge or clerk of any court of the United States may tax as costs the following: … (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; [and] (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."

The transcript invoice submitted by Defendant establishes that it related to the deposition transcripts of the two plaintiffs in this case. Further, they were used in support of the motion for summary judgment which ultimately prevailed. Clearly, they provided support for the Court's determination to rule in Defendant's favor and thus necessarily obtained for use in the case. As a result, the costs are supportable and recoverable.

Next, the copying costs arguably fall under § 1920(3) or §1920(4). Specifically, the copies related to the obligation that Defendant must send a courtesy copy of its summary judgment motion and supporting documentation to the Court. Thus they were necessarily completed for use in the case. Regardless of whether they fall under subsection 3 or subsection 4, the costs are recoverable.

Based on the above, the Court finds that expenses in the amount of $1,726.01 are appropriate.

## V. CONCLUSION

Based on the analysis above, it is the **RECOMMENDATION** of the Magistrate Judge that the Bill of Costs (Doc. 65) be **GRANTED**. Defendant Geneva City School District be

awarded $1,726.01 in costs.

It is further **ORDERED** that the parties shall file any objections to the said Recommendation on or before **February 5, 2018**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 22nd day of January, 2018.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE